UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
U.S. UNDERWRITERS INSURANCE
COMPANY,

                Plaintiff,

        - against -

ORION PLUMBING & HEATING CORP.,
ARKADIY BANGIYEV, JOSEPH POMILLA,
J BAYOT HOME DESIGN and ARNULFO BAYOT,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-cv-04641 (LDH) (RER)

LASHANN DEARCY HALL, United States District Judge:

On April 17, 2018, United States Magistrate Judge Ramon E. Reyes, Jr., issued a Report and Recommendation (the "R&R"), wherein he recommended that Plaintiff U.S. Underwriters Insurance Company's ("U.S. Underwriters") motion for default judgment against Defendant Orion Plumbing & Heating Corporation ("Orion") be denied and that Plaintiff's claims be dismissed for lack of subject matter jurisdiction.

Plaintiff commenced this action against Defendant Orion on August 19, 2016, seeking the rescission of an insurance policy and a declaration that Plaintiff has no duty to defend or indemnify Orion for claims asserted in a New York State court action captioned *Joseph Pomilla v. Arkadiy Bangiyev, et al.*, (the "Underlying Action").[1] (Compl., ECF No. 1, ¶¶ 10, 29, 34, 38.) Orion has failed to appear in or defend itself in this matter. On December 22, 2016, the Clerk of Court entered default against Orion, and Plaintiff moved for default judgment pursuant to Fed. R. Civ. P. 55. (ECF No. 28.) Plaintiff's Motion for Default Judgment was referred to Magistrate Judge Reyes for a report and recommendation, which he issued on April 17, 2018. (ECF No.

---

[1] The Underlying Action, Index No. 1590/2015, was filed on February 11, 2015, and is before the Supreme Court of New York, Queens County.

- 1 -

43.) In the R&R, Magistrate Judge Reyes recommended denying Plaintiff's requests for two declarations: one rescinding the insurance policy issued to Orion and another finding that Plaintiff is under no obligation to defend or indemnify Orion. On April 25, 2018, Plaintiff filed an objection challenging Magistrate Judge Reyes' recommendation that the Court deny Plaintiff's request for a declaration of rescission. (*See* Objection, ECF No. 44). In reaching that conclusion, Magistrate Judge Reyes found that, because Orion had not made a claim under Plaintiff's policy and was unlikely do so, there was no case or controversy before this Court. (*See* R&R, *4). Plaintiff did not object to Magistrate Judge Reyes' denial of Plaintiff's request for a declaration that Plaintiff has no duty to defend or indemnify Orion in the Underlying Action.

The Court reviews any portion of Magistrate Judge Reyes' R&R that has been objected to *de novo*. *See* Fed. R. Civ. P. 72(b)(1), (3); 28 U.S.C. § 636(b)(1)(C). As to the balance, "the district court need only satisfy itself that there is no clear error on the face of the record." *Estate of Ellington ex rel. Ellington v. Harbrew Imps. Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citations omitted)).

For the reasons set forth below, the Court adopts Magistrate Judge Reyes' opinion in full.

## BACKGROUND[2]

In 2012, Plaintiff, an insurance provider, extended a commercial liability policy (the "Policy") to Orion, a heating and plumbing contractor. (Compl. ¶ 16.) Orion subsequently performed work on a property located at 112-44 68th Avenue in Rego Park, Queens (the "Property"). On June 3, 2012, a fire occurred on the Property, allegedly injuring Pomilla. (ECF.

---

[2] All facts are drawn from Plaintiff's complaint. (ECF No. 1).

No. 1-1 ("Underlying Compl.") ¶¶ 59-61.)  In 2015, Pomilla commenced the Underlying Action against the Property's owner, Bangiyev, and several other defendants for injuries Pomilla allegedly suffered as a result of the fire.  (Underlying Compl. ¶ 1.)  Bangiyev, in turn, filed a third-party complaint against Orion, seeking indemnification and contribution based on the work performed by Orion on the Property.  (Compl. ¶ 14.)  Orion never sought indemnification from Plaintiff or sought to implead Plaintiff in the Underlying Action.  Bangiyev and Orion were subsequently dismissed as defendants in the Underlying Action, a decision which Pomilla is currently appealing.  (ECF. No. 39); *Pomilla v. Bangiyev*, Sup. Ct., Queens County, June 8, 2017, Raffaele, J., Index No. 1590/15.

## DISCUSSION

Plaintiff objects to Magistrate Judge Reyes' recommendation that the Court deny Plaintiff's request for a declaration of rescission.  Plaintiff contends that its rescission claim presents a justiciable controversy because Plaintiff issued the Policy based on Orion's material misrepresentations in its insurance application.  (*See* Objection, 3-7.)

To grant Plaintiff's motion, the Court must first be satisfied that the complaint presents a case or controversy as required by Article III of the Constitution.  That is, "[t]he controversy must be 'real and substantial . . . admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  *Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)).  In other words, "[t]he [controversy] . . . must [take] a fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on its adversaries, and some useful purpose to be achieved in deciding them."  *U.S. Underwriters Ins. Co. v. Kum Gang Inc.*, 443 F. Supp. 2d 348, 352

(E.D.N.Y. 2006) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 244 (1952)). Magistrate Judge Reyes found that Plaintiff's claims did not present a case or controversy. The Court agrees.

Orion's conduct has not been shown to cause actual or threatened injury to Plaintiff. Orion has not claimed a loss based on the Underlying Action. And, because the Underlying Action has been dismissed against Orion, Orion appears unlikely to do so. (*See* R&R, *3.) Plaintiff argues that under New York law, "an insurer is entitled to rescind an insurance policy thereby rendering the policy void ab initio if it issued the policy in reliance on a material misrepresentation made by the insured." (Objection, *4.) While this may be true, Plaintiff conflates the grounds upon which an insurance policy can be rescinded with the grounds upon which this Court may exercise jurisdiction. Further undermining Plaintiff's arguments, in each and every case cited by Plaintiff, an insured had already made a claim for insurance coverage pursuant to an insurance policy. *See, e.g.*, *U.S. Underwriters Insur. Co. v. Novel Home Health Care Servs. of New York, Corp.*, No. 14 Civ. 3715, 2016 WL 5339358, *4 (E.D.N.Y. Jan. 13, 2016) (addressing rescission claim where the insured defendant had already made a claim for insurance coverage pursuant to an insurance policy); *Fidelity and Guaranty Insur. Underwriters, Inc. v. Jasam Realty Corp.*, 540 F.3d 133, 143 (2d Cir. 2008) (same); *Vella v. Equitable Life Assurance Soc'y of the U.S.*, 887 F.2d 388, 390-391 (2d Cir. 1989) (same); *John Hancock Life Insur. Co., v. Perchikov*, 553 F.Supp. 2d 229, 232-233 (E.D.N.Y. 2008) (same). That is not the case here. Indeed, it is undisputed that Orion has not been found liable in the Underlying Action, has not challenged the coverage, and has made no claims whatsoever under the Policy.

In determining the justiciability of declaratory actions, courts "focus on the practical likelihood that the contingencies will occur." *Century Sur. Co. v. Odyssey Mech. Corp.*, No. 9

Civ. 1040, 2011 WL 4529637, *3 (E.D.N.Y. Sept. 27, 2011) (quoting *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992)). As Magistrate Judge Reyes correctly found, an attenuated chain of contingencies would have to occur for Orion to present a justiciable claim to the Court. *First*, the Underlying Action would have to be reinstated against Orion. *Second*, an unfavorable opinion would have to be entered against Orion, causing a loss to Orion. *Third*, Orion would have to make a claim under the Policy. Because the Policy was cancelled six years ago, and because Orion has made no claims under the Policy, there is no practical likelihood that these contingencies will occur. Therefore, Plaintiff's claim is not justiciable.

## CONCLUSION

The Court has reviewed the remaining portions of the R&R for clear error and, finding none, hereby adopts Magistrate Judge Reyes' R&R as the opinion of this Court. For the foregoing reasons, the Court orders, consistent with Magistrate Judge Reyes' R&R, that Plaintiff's claims be dismissed without prejudice.

Dated: July 26, 2018
      Brooklyn, New York

SO ORDERED:

    /s/LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge